UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAMELA M. SHENBERG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No: 4:17CV303 HEA |
| | ) |
| LESLIE ALAN SHENBERG, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Amended Motion to Remand, [Doc. No. 18]. Defendants oppose the Motion. For the reasons set forth below, the Motion is granted.

This matter was removed from the Family Court of St. Louis County by third party respondent Angelica Corporation based upon the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1144 and 1132, which completely preempts state court divorce orders purporting to effect benefits payable from an ERISA plan unless "qualified." See 29 U.S.C. § 1056.

In 1996, a qualified domestic relations order (QDRO) was entered by the St. Louis County Family Court in accordance with the parties' agreement directing that 50% of Leslie Alan Shenberg's pension benefits from Angelica Corporation were to be paid to Plaintiff.

Prior to any pleadings being filed by Angelica Corporation, Plaintiff voluntarily dismissed Angelica Corporation on January 26, 2017, pursuant to Missouri Supreme Court Rule 67.[1]  Angelica Corporation attempted to remove this action on January 27, 2017. Because this is an action to enforce a QDRO under

---

[1] Missouri Supreme Court Rule 67.02 provides: 67.02. Voluntary Dismissal—Effect of

 **(a)** Except as provided in Rule 52, a civil action may be dismissed by the plaintiff without order of the court anytime:
(1) Prior to the swearing of the jury panel for the voir dire examination, or
(2) In cases tried without a jury, prior to the introduction of evidence at the trial.
A party who once so dismisses a civil action and thereafter files another civil action upon the same claim shall be allowed to dismiss the same without prejudice only:
(1) Upon filing a stipulation to that effect signed by the opposing party, or
(2) On order of the court made on motion in which the ground for dismissal shall be set forth.
**(b)** Except as provided in Rule 67.02(a), an action shall not be dismissed at the plaintiff's instance except upon order of the court upon such terms and conditions as the court deems proper.
**(c)** A voluntary dismissal under Rule 67.02(a) shall be without prejudice unless otherwise specified by the plaintiff. Any other voluntary dismissal shall be without prejudice unless otherwise specified by the court or the parties to the dismissal.
**(d)** If a plaintiff who has once dismissed a civil action in any court commences a civil action based upon or including the same claim against the same defendant, the court may make an order for the payment of any unpaid costs of the civil action previously dismissed. In addition, if the plaintiff dismissed the previous civil action without prejudice within ten days of the date set for trial, the court may make an order for the payment of witness and other expenses, not including attorney fees, incurred by any other party that are caused to be incurred for the second trial because of the dismissal without prejudice of the previous civil action. The court may stay the proceedings in the civil action until the plaintiff has complied with any such order.  Mo. Sup. Ct. R. 67.02.

Missouri law and Angelica Corporation is no longer a party, ERISA is not implicated and this Court lacks subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall remand this matter to the St. Louis County Family Court from which it was removed.

Dated this 12th day of December, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE